Duane Keith POLLARD, Petitioner,

v.

MISSOURI PACIFIC RAILROAD
CO., Respondent.

No. C–7550.

Supreme Court of Texas.

Oct. 19, 1988.

Rehearing Denied Dec. 7, 1988.

Gary L. Kilgore, Garcia, Kilgore & Hickman, Austin, for petitioner.

Robert B. Burns, Jr. and David M. Ward, Wilson, Grosenheider & Burns, Austin, for respondent.

ON MOTION FOR REHEARING OF APPLICATION FOR WRIT OF ERROR

PER CURIAM.

■ In this personal injury action, the trial court granted Missouri Pacific Rail-

road Company's (hereinafter MOPAC) motion for summary judgment as to all claims asserted against it by the plaintiff, Duane Keith Pollard. Pollard, a worker, was injured while employed by Balch, an independent contractor. MOPAC had previously contracted with Balch for the removal of certain poles and wires from one of its right-of-ways. MOPAC's summary judgment motion was granted because the summary judgment proof indicated that MOPAC had not exercised control over the manner in which Balch completed his obligations under the contract. In an unpublished opinion, the court of appeals affirmed, holding that MOPAC owed no duty to the petitioner because there was nothing to show that MOPAC exercised control over the manner and means of performance under the contract.

 The court of appeals applied the wrong standard in upholding the summary judgment. This case is governed by the rule enunciated in *Redinger v. Living,* 689 S.W.2d 415 (Tex.1985), wherein we recognized that one who retains the control of any part of the work may be subject to liability. In *Newspapers Inc. v. Love,* 380 S.W.2d 582 (Tex.1964), this court held that if a right of control over the work has a contractual basis, the fact that no actual control was exercised will not absolve a premises owner of liability. It is the right of control, and not the actual exercise of control, which gives rise to a duty to see that an independent contractor performs work in a safe manner. *Id.* In the instant case, the summary judgment proof indicates that MOPAC contractually retained: (1) control over the completion time of the contract, (2) authority to specify the poles to be removed, (3) authority to specify insurance coverage, and (4) control over access and storage of materials involving MOPAC's right-of-way. Contrary to the court of appeals' holding that MOPAC did not owe Pollard a duty of care, we hold that the contractual retention of control by MOPAC gives rise to the duty expressly adopted in *Redinger.* Accordingly, the existence of this duty raises a genuine issue of material fact concerning MOPAC's negligence.

In this petition Pollard also asserts that MOPAC was negligent for employing an inexperienced contractor without inquiring into his experience and safety record. These allegations were never controverted by MOPAC's summary judgment motion or proof, and although they were presented to the court of appeals, that court failed to address issues relating to MOPAC's negligence. Pollard's claim that MOPAC is liable presents another genuine issue of material fact.

Recognizing that genuine issues concerning material facts exist in this case, we grant Pollard's application for writ of error and without hearing oral argument a majority of the court reverses the court of appeals' judgment. Tex.R.App.P. 133(b). We remand this cause to the trial court for further proceedings consistent with this opinion.