United States Court of Appeals,

Fifth Circuit.

No. 91–2838.

JUDWIN PROPERTIES, INC., et al., Plaintiffs–Appellants,

v.

UNITED STATES FIRE INSURANCE COMPANY, Defendant–Appellee.

Sept. 29, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before JOHNSON, GARWOOD, and WIENER, Circuit Judges.

PER CURIAM:

Judwin Properties, Inc., The Judwin Companies, and Dr. Eugene Winograd (collectively, Judwin) sued the United States Fire Insurance Company (USF) for breach of contract and tort claims arising from USF's defense of Judwin in tort litigation filed by third parties. The district court granted summary judgment in favor of USF on all issues although USF's motion for summary judgment only extended to the contract claim. Judwin appeals arguing that genuine issues of material fact existed which precluded summary judgment as to all issues. Subsequent to its appeal, Judwin filed a Motion for Leave to File Motion to Dismiss for Lack of Subject Matter Jurisdiction, the basis of which was Judwin's failure to include indispensable parties. After a review of the record and the arguments presented by the parties, this Court concludes that leave should not be granted for Judwin to file its Motion to Dismiss for Lack of Subject Matter Jurisdiction and that the judgment of the district court should be affirmed in part and vacated in part, and that the case should be remanded as to summary judgment on Judwin's tort claims.

I. Facts and Procedural History

The undisputed facts underlying the present appeal are as follows. Judwin owns an interest in several apartment properties. In April 1987, Judwin treated these rental properties for termites using chemical chlordane. This treatment resulted in numerous plaintiffs (the chlordane plaintiffs)

filing six personal injury lawsuits against Judwin for injuries allegedly caused by Judwin's misapplication of the chlordane. Judwin notified USF along with its other liability insurance carriers, and USF began a defense of Judwin. Two years later, USF advised Judwin that it would continue to provide a defense to the lawsuits, but that such defense would be subject to a reservation of rights. USF never refused to defend Judwin and provided defense counsel through settlement.

Prior to trial, on May 3, 1990, USF entered into an oral settlement agreement with two groups of chlordane plaintiffs.[1] The terms of this agreement were memorialized in a May 31, 1990 Settlement Agreement, Covenant Not To Execute and Release (The USF Settlement). Under the terms of the USF Settlement, USF paid $6,000,000 and a peppercorn to the Flores and Cordova plaintiffs in return for a covenant not to execute against Judwin and the other insureds under the policy,[2] a covenant not to execute against USF, and a release of bad faith claims against USF.

The Flores and Cordova plaintiffs obtained the bad faith claims against USF from Judwin in a May 4, 1990 settlement agreement (the Judwin Settlement). Judwin entered into a separate settlement with the Flores and Cordova plaintiffs because it perceived USF to be derelict in its duty to defend and settle with the Flores and Cordova plaintiffs. Judwin claims that the motive underlying the Judwin Settlement was to avoid liability to the Flores and Cordova plaintiffs. USF claims that the Judwin Settlement is a Mary Carter Agreement. In the Judwin Settlement, the Flores and Cordova plaintiffs signed a covenant not to execute against Judwin in exchange for an assignment of Judwin's bad faith claims against its insurers, including USF. In addition, Judwin retained a monetary interest in the outcome of the bad faith lawsuits. The other insureds under the USF policy were not parties

---

[1]The settlement agreement involved plaintiffs in the district court cases of *Alfonso Perez Cordova v. Kings Park Apartments,* No. 87–28345–B (Dist.Ct. of Harris County, 157th Judicial Dist. of Texas); and *Ismael F. Flores v. Kings Park Apartments,* No. 89–13529 (Dist. Ct. of Harris County 157th Judicial Dist. of Texas); (collectively, the Flores and Cordova plaintiffs).

[2]Actually, there were two policies issued by USF to Judwin. The first was a liability policy with an aggregate limit of $1,000,000. The second was an umbrella policy with a $5,000,000 limit. The two policies together produced combined coverage of $6,000,000 and will be collectively referred to in this opinion as the "policy" or the "USF policy" for simplicity.

to the Judwin Settlement and are not parties to this suit.

Upon payment of the $6,000,000 to the Flores and Cordova plaintiffs, USF declined further coverage under the policy. At no time prior to the USF Settlement of the Flores and Cordova lawsuits did USF withdraw its defense of Judwin. Upon completion of the Flores and Cordova lawsuits, Judwin filed suit alleging that USF breached its insurance contract by failing to defend Judwin properly and failing to settle with the Flores and Cordova plaintiffs. Judwin also raised bad faith tort claims arising from the manner in which USF handled Judwin's defense in the Flores and Cordova lawsuits. The federal district court entered a take-nothing summary judgment in favor of USF. Subsequent to appeal and oral argument, Judwin filed its Motion for Leave to File Motion to Dismiss for Lack of Subject Matter Jurisdiction. USF responded to Judwin's motion to dismiss with a motion for sanctions. Judwin replied with a similar motion for sanctions.

## II. Discussion

Appellants raise two separate issues on appeal. First, Judwin argues that this Court should reverse the district court's ruling granting USF's motion for summary judgment. Second, Judwin requests leave to file a motion to dismiss for lack of subject matter jurisdiction. This opinion will first address the motion to dismiss and the related motions for sanctions.

A. *The Motion to Dismiss and Motions for Sanctions*

Federal Rule of Civil Procedure 19 pro vides for joinder of necessary parties for the just adjudication of claims. However, such claims must normally be raised in a timely fashion prior to trial. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968). Such a question may be presented on appeal, *McCulloch v. Glasgow,* 620 F.2d 47, 51 (5th Cir.1980), but the party's failure to present the issue to the district court militates that the equities lie on the side of the opponent. *United States v. Sabine Shell, Inc.,* 674 F.2d 480, 482 (5th Cir.1982). In the present case, Judwin, the plaintiff below, failed to raise the issue of

indispensable parties until after oral argument in this Court. As the plaintiff, Judwin had control of the suit below and chose which parties to sue. In fact, as Judwin's motion to dismiss points out, USF's answer to Judwin's first amended complaint raised the issue of Judwin's failure "to join indispensable parties, including but not limited to other insurance companies." (Appellants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, at 3). Thus, Judwin had notice that other parties might be necessary for a just adjudication at the pleading stage of this suit. Judwin's failure to amend to include other defendants or involuntary plaintiffs at that time indicates that Judwin deemed such action unnecessary. Such a decision should not be the basis for an offensive use of Rule 19 in this Court. Judwin's long delay in raising this issue should not prejudice USF. Additionally, this Court finds no authority for the offensive use of Rule 19 which would allow a plaintiff to negate an adverse ruling because of its own failure to join all indispensable parties. This Court will not endorse an effort by plaintiffs to lay behind the log and raise the issue of indispensable parties following an adverse ruling.

The motions for sanctions are denied, but the attorneys for both parties are advised to heed this Court's recent advise as set forth in *Sidag Aktiengesellschaft v. Smoked Foods Products,* 969 F.2d 1562 (5th Cir.1992).

B. *The Summary Judgment Ruling*

Judwin urges this Court to reverse the summary judgment in favor of USF for two reasons. First, Judwin argues that the district court erred in finding as a matter of law that USF paid "policy limits" on behalf of Judwin and discharged its liability under the insurance policies. Second, Judwin asserts error in the district court's entry of summary judgment on Judwin's tort claims when the motion for summary judgment filed by USF did not address those claims.

1. *The Standard of Review*

The district court was correct in its entry of summary judgment if there was no genuine issue

as to any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). USF as the movant had the burden of demonstrating the absence of a genuine issue of material fact. Such a showing shifts the burden of production to the non-movant to delineate specific facts which demonstrate a genuine issue for trial. *Id., at 323,* 106 S.Ct. at 2553. The same standard applicable to the district court governs the determination by this Court. In determining whether a genuine issue of material fact exists, all controverted factual issues must be resolved in favor of Judwin as the non-movant. *Lujan v. National Wildlife Federation,* 497 U.S. 871, ——, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990). In order for a dispute about a material fact to be genuine, the evidence before this Court must be such that "a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed. 202 (1986) (quoting *Improvement Co. v. Munson,* 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

2. *Analysis of Summary Judgment Evidence*

On the issue of the failure of USF to exhaust its obligations under the insurance contract, USF relied in the district court on the terms of the USF Settlement. The USF Settlement clearly shows that USF paid $6,000,000 to the Flores and Cordova plaintiffs. The USF Settlement recited that the $6,000,000 was consideration for the Flores and Cordova plaintiffs' covenant not to execute against Judwin, USF, and the other defendants in the underlying lawsuit. In addition, the USF Settlement recited consideration of a peppercorn paid by USF to the Flores and Cordova plaintiffs for their release of the bad faith claims against USF.[3]

The USF policy listed numerous parties as insureds, including but not limited to Judwin. However, of those insureds, only Judwin entered into the separate Judwin Settlement with the Flores

---

[3]This Court notes that Texas recognizes that "whatever consideration a promisor assents to as the price of his promise is legally sufficient consideration." *Hicks v. Smith,* 330 S.W.2d 641, 646 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.). Thus, the peppercorn recited by the parties serves as legally sufficient consideration.

and Cordova plaintiffs leaving USF responsible for representing the interests of the remaining insureds. The insurance policy at issue contains the following condition:

> D. **Separation of Insureds.** Except with respect to the Limits of Insurance and any rights or duties specifically assigned in this policy to the first "Named Insured," this insurance applies:
>
> (1) As if each "Named Insured" were the only "Named Insured;" and
>
> (2) Separately to each "insured" against whom claim is made or "suit" is brought.

(*The Defender Commercial Umbrella Policy* ).

This language imposes upon USF a duty to perform its contractual obligations on behalf of each of its insureds—not just Judwin. Paying policy limits to settle the lawsuits on behalf of all of the insureds exhausted USF's policy obligations. Under the USF Settlement, USF paid $6,000,000 on behalf of its insureds and exhausted its liability under the policy. Judwin has not shown any damages resulting from the settlement between USF and the Flores and Cordova plaintiffs. In fact, the terms of the insurance contract required USF to settle the lawsuits to protect each of its insureds.

After USF made a prima facie showing of entitlement to summary judgment on the contract claim, the burden shifted to Judwin to raise a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Judwin raised several side issues relating to the actual dates of the Judwin and USF Settlements, but such controverted facts are not material to the disposition of this case. The dates of the settlements would present a question of material fact if Judwin were the only insured under the policy. The fact that the policy obligated USF to settle the suit on behalf of all the insureds makes Judwin's argument irrelevant.

Judwin's second side issue which fails to raise a genuine issue of material fact is a claim that USF breached its duty to defend Judwin under the terms of the policy. However, as previously mentioned, USF provided a defense to Judwin until settlement. The policy expressly provided that

USF "shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements." (R. at 298). This language is plain, clear and unambiguous, and a contract of insurance is to be construed as any other contract. *General American Indemnity Co. v. Pepper,* 161 Tex. 263, 339 S.W.2d 660, 661 (1960). Thus, USF exhausted its obligation to provide a defense to Judwin when USF paid $6,000,000 to the Flores and Cordova plaintiffs on behalf of the insureds under the policy.

Judwin also argues that the failure of USF to obtain a release from the Flores and Cordova plaintiffs prevents termination of USF's responsibility under terms of the insurance policy. USF obtained a covenant not to execute from the Flores and Cordova plaintiffs which prevents those plaintiffs from collecting on any judgment. Judwin is not liable for any damages to the Flores and Cordova plaintiffs under the covenant not to execute and can show no harm from the failure of USF to obtain a release.[4]

3. *Propriety of Summary Judgment on Tort Claims*

The final issue presented by this appeal is the propriety of the district court's entry of summary judgment on the entire case when USF's motion for summary judgment related only to the issue of exhaustion of policy limits. Based upon its finding that USF had exhausted its contractual obligations under the policy, the district court *sua sponte* concluded that the tort claims alleged by Judwin were moot. Judwin appeals this finding on the basis that the district court failed to notify Judwin that it would consider the tort claims, giving Judwin no opportunity to present its case to the court.

---

[4]Judwin argues on appeal that USF is still obligated under the policy because USF did not obtain a release from the Flores and Cordova plaintiffs. Judwin did not present this argument to the trial court in response to USF's Motion for Summary Judgment. This Court has consistently refused to consider arguments raised for the first time on appeal. *Russell v. Sunamerica Securities, Inc.,* 962 F.2d 1169 (5th Cir.1992). The only exception to that rule is when this Court's failure to consider purely legal questions would result in manifest injustice. *United States v. All Star Industries,* 962 F.2d 465 (5th Cir.1992). Judwin has not demonstrated how this Court's failure to consider an argument which Judwin failed to make to the district court would result in manifest injustice.

A district court may grant a motion for summary judgment *sua sponte,* provided that it gives proper notice to the adverse party. Fed.R.Civ.P. 56(c). Judwin was entitled to receive 10 days notice before the district court granted summary judgment. *NL Industries, Inc. v. GHR Energy Corp.,* 940 F.2d 957, 965 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 873, 116 L.Ed.2d 778 (1992). Even though summary judgment may have been proper on the merits because of the assignment of the bad faith claims to the Flores and Cordova plaintiffs and the full performance of the insurance contract, Judwin is entitled to an opportunity to present its case to the district court prior to such a dismissal. *John Deere Co. v. American Nat'l Bank,* 809 F.2d 1190, 1192 (5th Cir.1987). The district court erred in granting summary judgment for USF on the issue of Judwin's tort claims.

## III. Conclusion

For the reasons stated, this Court affirms the district court's judgment as to the issue of the exhaustion of USF's contractual obligations. Judwin's Motion for Leave to File Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied. The Motions for Sanctions filed by Judwin and USF are denied. This Court vacates the summary judgment in favor of USF on the tort claims and remands this case to the district court for proper notice and hearing on that issue.

AFFIRMED IN PART, VACATED IN PART AND REMANDED