**John A. BARNES, Plaintiff,**

v.

**CALGON CORPORATION and Mobil Oil Corporation, Defendants.**

No. 1:93–CV–0616.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 29, 1994.

consider whether he satisfied the second prong.

Warren G. Clark Jr., Swearingen Clark & Moore, Port Arthur, TX, Neal Allan Kennedy, Lawrence A. Waks, Southerland Asbill & Brennan, Austin, TX, for plaintiff.

Thomas C. McClellan, Mobil Oil Corp., Dallas, TX, Hollis Horton, Orgain Bell & Tucker, G. Michael Jamail, Beaumont, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Before this court is Mobil Oil Corporation's (Mobil) Motion for Summary Judgment. Plaintiff, John Barnes, was allegedly overcome by sodium hydrogen sulfide fumes while attempting to wash the tank of his chemical transport vehicle. Plaintiff brought a claim for negligence against the contractor, Calgon Corporation (Calgon), and against the owner of the premises, Mobil. For the reasons stated below, this court finds that material issues of fact exist to preclude Mobil's summary judgment motion. Therefore, Mobil's Motion for Summary Judgment is denied.

### I. FACTS

Plaintiff was employed by Pacemaker Employee Service (Pacemaker). Pacemaker assigned plaintiff to deliver various substances for Calgon. On May 20, 1993, plaintiff delivered a load of ChlorKill 8816 from Calgon's facilities in LaPorte, Texas, to Mobil's operations in Beaumont, Texas. After unloading these chemicals, plaintiff was instructed to clean the tank of his truck and report to another area of Mobil's Beaumont plant.

Plaintiff, has alleged that he was overcome by toxic fumes while washing a chemical carrying tank. Plaintiff suffered his alleged injury while cleaning the transport tank with water. The water, when mixed with the residual chemicals, caused sodium hydrogen sulfide fumes to emanate from the tank. Plaintiff brought this suit alleging that Calgon and Mobil were negligent in permitting him to clean the tank in this manner.

### II. ANALYSIS

This court has jurisdiction over this claim pursuant to 28 U.S.C. section 1332. The parties involved are citizens of different states and the matter in controversy is greater than $50,000, exclusive of interest and costs.

Before the court is defendant's motion for summary judgment. Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Genuine issues of material fact are not disputed and summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for a non-moving party. . . ." *Leonard v. Dixie Well Service Supply, Inc.*, 828 F.2d 291, 293–94 (5th Cir.1987).

When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[1] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131–32 (5th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

Once the movant demonstrates that the case presents no material fact issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts that show that there is a genuine issue of material fact for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, —— U.S. ——,

---

1. A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that

a reasonable jury could return a verdict for the nonmoving party. *Id., See also, Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

——, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); *see also Topalian,* 954 F.2d at 1131.

The plaintiff brought this negligence claim against Calgon and Mobil alleging that the defendants were negligent in various acts.[2] Mobil presents two main reasons for this court to consider in review of a summary judgment motion. First, Mobil contends that it had no legal duty to plaintiff because plaintiff was not a mobil employee.

■ Generally, a property owner has no duty to insure that an independent contractor performs work in a safe manner. *Enserch Corp. v. Parker,* 794 S.W.2d 2, 6 (Tex. 1990); *Abalos v. Oil Development Co.,* 544 S.W.2d 627, 631 (Tex.1976). The Texas Supreme Court carved out an exception to this rule in *Redinger v. Living, Inc.,* 689 S.W.2d 415, 418 (Tex.1985). In *Redinger,* the Court adopted the Restatement (Second) of Torts section 414 and held that:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

*Id.* (citing Restatement (Second) of Torts § 414 (1977)).

The Texas Supreme Court further enunciated this rule in *Pollard v. Missouri Pacific R.R.,* 759 S.W.2d 670, 671 (Tex.1988). In *Pollard,* a worker was injured while employed by an independent contractor. *Id.* The premises owner previously contracted with the worker's employer for the removal of certain poles and wires from a right-of-way. *Id.* The Court reversed and remanded a lower court's summary judgment order in favor of the defendant based on the standard set out by *Redinger.* The Court found defendant retained control over certain aspects of the independent contractor's work.[3] According to *Redinger,* one who retains any part of the work being performed may be subject to liability. *Pollard,* 759 S.W.2d at 671 (restating the rule in *Redinger*). The Court ruled that the existence of this duty of care raised genuine issues of material fact concerning defendant's negligence. *Id.*

In the present case, Mobil argues that it exercised no control over the means and manner of plaintiff's work activity. Mobil contends that plaintiff, acting as an employee for Pacemaker, remained under the control and supervision of an independent contractor, Calgon. Mobil relies on *Exxon Corp. v. Tidwell,* 867 S.W.2d 19, 21 (Tex.1993), for the proposition that a contractual relationship between a premises owner and an independent contractor relieves the premises owner of any duty to protect the contractor's employees from hazards incidental to the work of the independent contractor. *See also Shell Oil Co. v. Songer,* 710 S.W.2d 615, 618 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ However, the plaintiff raises sufficient material questions of fact as to the amount and degree of control that Mobil had authori-

---

2. Plaintiff's original complaint alleges that the defendants:

  (a) Failed to properly instruct plaintiff in washing an unloaded tank of Sodium hydrogen sulfide;

  (b) Failed to provide a material data safety sheet;

  (c) Failed to warn the plaintiff about the hazards of washing an unloaded tank of sodium hydrogen sulfide;

  (d) Failed to equip plaintiff with the proper protection apparatus for exposure to the sodium hydrogen sulfide fumes;

  (e) Failed to provide adequate safety measures and instructions;

  (f) Failed to furnish reasonably safe and/or suitable tools, appliances, and equipment;

  (g) Failed to supply adequate and/or reasonably competent help;

  (h) Violated environmental safety laws related to washing the tank in an area not designed for washing hazardous chemicals.

3. The Court determined that the defendant retained control over: (1) the completion time of the contract; (2) the specific poles to be removed; (3) the type of insurance coverage used; (4) access and storage of materials involved in defendant's right-of-way. *Pollard,* 759 S.W.2d at 671.

ty to exercise. Mobil retained sufficient control over certain aspects of plaintiff's work that a fact finder may find Mobil to be liable under the test adopted by *Redinger*. The work was performed on Mobil's premises. Mobil retained the right to enforce its safety procedures. The deposition of Mike Greene, a safety inspector at Mobil, indicated that Mobil retained the authority to end any unsafe practices on its premises. Further, Mobil ordered the plaintiff to pick up another cargo load. Mobil's ability or right to retain or exercise control created a duty under *Redinger*. As such, summary judgment based on the existence of a legal duty and the existence of negligence is not proper as a matter of law.

Mobil also contends that summary judgment is appropriate because it did not supervise the details of plaintiff's work. Mobil relies on *Corpus v. K–J Oil Co.*, 720 S.W.2d 672, 674 (Tex.App.—Austin 1986, writ ref'd n.r.e.). In *Corpus*, an oil company owed no duty to an independent contractor because the oil company retained no control over the work activities of that contractor. *Id.*

 This argument has no merit for the same reasons discussed above. Plaintiff presented material issues of fact that Mobil retained control over safety aspects of operations on its premises. According to *Redinger*, the ability to control is enough to raise a duty to exercise reasonable care. As such, summary judgment is not proper. "One who retains the right of control or exercises actual control over the work of an independent contractor also owes a duty of reasonable care to the contractor's employees." *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993); *see also Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985).

*Redinger* stands for the proposition that an owner's duty arises from activities or instrumentalities that cause injury.[4] Mobil employees acknowledged that supervision and safety inspections were performed. In fact, Mobil employee deposition testimony revealed that Mobil was responsible for insuring that its corporate safety rules and regulations were followed by its employees

as well as independent contractors. Furthermore, plaintiff presented deposition testimony that Mobil actually provided the hose to wash the chemical tank. For these reasons, this court finds that Mobil owed a duty to plaintiff to insure that proper safety procedures were followed.

The plaintiff has presented sufficient issues of material fact to allow a trier of fact to determine whether Mobil exercised reasonable care under these circumstances. This court finds that several issues of material fact exist. Under the control test of *Redinger*, Mobil did have a supervisory duty over the plaintiff. Therefore, the fact finders shall determine whether Mobil breached its duty of reasonable care.

For the foregoing reasons, this court DENIES Mobil oil Corporation's Motion for Summary Judgment.

---

4. Liability may also be imposed for a defect on the premises. *Id.*