**Ruth Lee COWEN, et al., Plaintiffs,**

v.

**MOBIL OIL CORPORATION, Defendant.**

No. 1:94–CV–495.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 17, 1995.

John Keith Hyde, Greg Thompson, Provost & Umphrey, Beaumont, TX, for plaintiffs.

Gail Cucancic Jenkins, Jenkins Grove & Martin, Beaumont, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

### BACKGROUND

On October 17, 1992, Thomas J. Cowen died from cancer, allegedly resulting from his years of exposure to asbestos while working in the Beaumont, Texas Refinery ("refinery") owned by Mobil Oil Corporation ("Mobil"). Decedent's family brings this action against Mobil alleging gross negligence resulting in wrongful death. Thomas Cowen worked in the Beaumont Refinery from April 1944 to January 1981. Defendant Mobil moves for summary judgment on the basis of an internal study which concludes that the Beaumont refinery has an overall favorable mortality experience. Specifically, Mobil claims that in the Beaumont refinery, there is no excess degree of risk of lung cancer and the incidence of pulmonary fibrosis among the refinery's employees was lower than that of the general population. *Defendant Mobil Oil*

*Corporation's Motion for Summary Judgment,* p. 5.

### ANALYSIS

#### Summary Judgment Standards

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[1] *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53; *Topalian v. Ehrman,* 954 F.2d 1125, 1131–32 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. *See Celotex,* 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Im-*

---

1. A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. In order for a *dispute* to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id., see also, Judwin Properties, Inc. v. United States Fire Ins. Co.,* 973 F.2d 432, 435 (5th Cir.1992).

age *Technical Services,* 504 U.S. 451, 456–58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed. R.Civ.P. 56(e); *see also Topalian,* 954 F.2d at 1131.

### Application

■ Mobil makes no attempt to prove that Mr. Cowen was not exposed significant levels of respirable asbestos. Further, Mobil makes no attempt to prove that Mr. Cowen did not die as a result of asbestos-related lung cancer stemming from his exposure while working at the Mobil refinery. Mobil's only contention in its motion for summary judgment is that its epidemiological study can conclusively prove that Mobil was not grossly negligent. This Court does not believe that Mobil's study can prove as much.

■ In Texas, the standard for establishing gross negligence was articulated in *Transportation Ins. Co., v. Moriel,* 879 S.W.2d 10 (Tex.1994). The standard has two basic elements:

1) viewed objectively from the standpoint of the actor, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and

2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others.

*Id.* at 23.

Mobil claims, through its internal study as updated by Dr. Gerhard Raabe, Dr. P.H., that it did not create an extreme degree of risk of death from asbestosis, lung cancer, or other asbestos-related diseases. Further, Mobil asserts that because there was no extreme risk, there can be no "actual, subjective awareness" of such a risk.

Mobil has provided this Court with an epidemiological study which examines the number, rates, and causes of deaths for employees of its Beaumont refinery between 1945 and 1987. The study was originally concluded in April of 1984 and covered em-

ployees who worked at the refinery for at least one year between January 1, 1945 and January 1, 1979. Affidavit of Dr. Raabe, Exhibit A, *Defendant Mobil Oil Corporation's Motion for Summary Judgment,* p. 3. In December of 1994 Dr. Raabe updated the study by including employees who worked between January 2, 1979 and December 31, 1987. *Id.* Dr. Raabe concluded that there was a deficit of 18% fewer overall deaths at the Beaumont refinery than would be expected from the general population and that this difference was statistically significant at the .05 level. *Id.* For all cancer deaths without regard to type, the number of observed cancer deaths was slightly lower than the number of expected deaths and was only borderline significant. *Id.* Specifically for lung cancer, the number of observed and the number of expected deaths was too close to be called statistically different. *Id.* Dr. Raabe alleges that this proves there is no excess of risk of lung cancer among the Mobil refinery employees observed. *Id.* Finally, for pulmonary fibrosis, which would include asbestosis, four (4) deaths were observed compared to 12 expected, reflecting a statistically significant deficit. *Id.*

In response to Mobil's study, Plaintiffs enlist the aid of Dr. John Dement, Ph.D., CIH. Plaintiffs highlight, with the aid of Dr. Dement, several methodological flaws which undermine the study's validity. First, the Plaintiffs claim that the "healthy worker effect" (the rather astonishing 18% deficit in general deaths) significantly masks deaths by workers with significant asbestos exposure. Affidavit of Dr. Dement, Exhibit A, Plaintiffs' Response to Defendant's Motion for Summary Judgment, p. 4. The failure to compare a properly selected exposure group to a properly selected control group, Plaintiffs argue, provides no scientifically reliable evidence that there is no excess risk of lung cancer or other asbestos-related diseases. *Id.* Second, the study included administrative personnel and therefore diluted the study population of exposed workers. *Id.* Third, the strata used for latency analysis is inappropriate. *Id.* Fourth, there is no analysis of latency coupled with duration of employment. *Id.* Fifth, there are some prob-

lems with the manner in which the death certificates were classified and coded. *Id.* at 4–5. Finally, the study only considered worker mortality and thus significant disabling diseases associated with asbestos were not included even though they may be instructive as to the level of risk created by Mobil. *Id.* at 5.

This Court has no difficulty with the remarkably technical nature of the judgment sought by the Defendants. Applying the summary judgment standards and resolving the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment, this Court concludes that Mobil's study suffers from too many methodological flaws to be conclusively valid. As such, the Raabe study cannot be considered as conclusive proof of the absence of excessive risk at the Beaumont refinery and genuine issues of material fact remain to be resolved at trial.

Additionally, Mobil provides no summary judgment evidence that there was no excessive risk specifically with respect to Mr. Cowen. The Defendants properly phrase the inquiry this Court is to make by saying it is "whether **plaintiffs' decedent** was at extreme risk of dying" of asbestos-related lung cancer (emphasis added). *Defendant's Reply to Plaintiffs' Response to Motion for Summary Judgment,* p. 2. It is one thing to say that there was no gross negligence in the Beaumont refinery taken as a whole. It is quite another to say that there was no gross negligence with respect specifically to Mr. Cowen. This Court refuses to make the same inductive leap.

The Defendants make no argument regarding their knowledge of the dangerous situation other than there was no excessively risky situation about which to know. Plaintiffs have provided extensive evidence on this second element of the *Moriel* test. Because Mobil has not succeeded in its burden concerning the first element of *Moriel,* summary judgment would be improper on this issue. At this time, there remain genuine issues of material fact on this question.

THEREFORE, the Defendant's Motion for Summary Judgment is Denied pursuant to the Order entered on this date.