IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20733
Summary Calendar
_____


DILIP KUMAR PAUL, ET AL.,

Plaintiffs,

DILIP KUMAR PAUL,

Plaintiff-Appellant,

versus

PARSONS, BRINKERHOFF, QUADE, &
DOUGLAS; PBB-KBB, INC.; BATTELLE
MEMORIAL INST.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. CA-H-92-2792
_____
April 29, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]


Dilip Kumar Paul has appealed the denial of his Fed. R. Civ. P.

60(b) motion for relief from the district court's judgment

dismissing his *qui tam* action under the False Claims Act, 31 U.S.C.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

§§ 3730, et seq. Paul contends that the state court's judgment, which this court previously held, precluded consideration of his substantive claims under the doctrine of res judicata, is void because it was obtained by means of perjury and fraudulent litigation tactics on the part of the defendants. Even if it is assumed that Paul can establish by clear and convincing evidence that the defense was predicated upon factually false testimony, Paul has failed to demonstrate that he was prevented from fully and fairly presenting his state court case. Therefore, Paul has failed to show that the district court abused its discretion in denying his motion under Rule 60(b)(3) because of "fraud, misrepresentation, or other misconduct of an adverse party." Longden v. Sunderman, 979 F.2d 1095, 1103 (5th Cir. 1992).

Paul contends that the state court judgment was void because essential parties could not be joined. Paul does not explain why the interests of the absent parties were negatively impacted because they were not joined as defendants in the state court action and he does not explain how the absent parties could have been liable to him under applicable state law. See Vondy v. Comm'rs Court of Uvalde County, 620 S.W.2d 104, 106-07 (Tex. 1981); Tex. R. Civ. P. 39. Even if the absent parties were "indispensable," their absence did not create a jurisdictional defect and does not provide a basis for collaterally challenging

-2-

the state court's judgment.  See Judwin Properties, Inc. v. U.S. Fire Ins. Co., 973 F.2d 432, 434-35 (5th Cir. 1992); United States v. O'Neil, 709 F.2d 361, 371 (5th Cir. 1983); see also Cox v. Johnson, 638 S.W.2d 867, 868 (Tex. 1982).

Paul contends that the Texas state courts were without jurisdiction to resolve legal issues involving claims that arose in other jurisdictions.  Paul's argument goes to the subject-matter jurisdiction of the state court to adjudicate claims arising in other jurisdictions.  While the place where the alleged tort occurred may be pertinent to personal jurisdiction, venue, or the question of which forum's law should be applied, the fact that a claim arose in another jurisdiction and may have impacted that jurisdiction more directly is not determinative of the court's authority to render a judgment.  See Tex. Const. art. 5, § 8.

Paul also argued in the district court that the state court lacked personal jurisdiction because the contracts at issue were negotiated and executed in Ohio "for performing work in Utah, in Texas, in Louisiana and in Mississippi . . . ."  Paul has abandoned this issue by failing to brief it on appeal.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Paul argues that his claims against parties who were not named in the state court suit are not res judicata.  This court has

already found that there was privity among all of the defendants and that the claims against them are res judicata. Paul argues that the district court should have granted his Rule 60(b) motion based upon newly discovered evidence. He does not identify in his argument what the newly discovered evidence showed or how it would have affected the district court's judgment.

Paul argues that his FCA claims could not have been barred under the doctrine of collateral estoppel. Paul's complaint was dismissed under the doctrine of res judicata. Paul argues that a magistrate judge cannot rule on matters materially affecting his interests without his consent. The magistrate judge did not rule on Paul's Rule 60(b) motion. Paul argues that he should have had an opportunity to conduct discovery. The lack of an opportunity for discovery does not involve the sort of compelling circumstance that might provide a basis for relief under Rule 60(b)(6).

Paul has not shown that the district court abused its discretion in denying his Rule 60(b) motion for relief from the judgment. His appeal is frivolous and is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Paul is cautioned that any additional frivolous appeals filed by him will invite the imposition of sanctions. To avoid sanctions, Paul is further cautioned to review any pending appeals to ensure

that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.