Michael A. STAUBLEIN, Appellant,

v.

The DOW CHEMICAL COMPANY, Appellee.

No. 08–93–00291–CV.

Court of Appeals of Texas, El Paso.

July 21, 1994.

Before KOEHLER, LARSEN and McCOLLUM, JJ.

### OPINION

McCOLLUM, Justice.

This is an appeal from a summary judgment. Michael A. Staublein (Appellant) was injured on the job while employed by ARA Services, Inc., (ARA), an independent contractor of Dow Chemical (Appellee). Appellant filed the underlying action against Appellee. The trial court granted Appellee's motion for summary judgment. We affirm.

## I. SUMMARY OF THE EVIDENCE

Appellant was employed by ARA Services Inc., which is located on the premises owned by Appellee. ARA is responsible for providing cafeteria services to Appellee's (DOW's) employees and others working for Appellee (DOW) on the premises.

Appellant was injured on October 8, 1990 when a milk crate he was standing on in the freezer slipped out from under him. He attempted to keep from falling by grabbing the shelf above him. Appellant claims that this incident pulled his back and that he was further injured when he later lifted an eighty pound box of hamburger meat.

At the time of his injury, Appellant was working within the ordinary course and scope of his employment with ARA, performing the normal services of a food service worker. Specifically, Appellant was under the control of Billy Sheridan, who is a food production supervisor of ARA, and under the direct control of ARA. Appellee did not control or direct any details of Appellant's work for ARA.

On November 4, 1985, ARA and Appellee entered into an agreement entitled "Hold Harmless–Responsibility–Insurance Agreement" (The Agreement). This Agreement was in force at the time of Appellant's injury and in pertinent part reads:

This Agreement applies to all of CONTRACTOR'S [ARA] operations on premises owned, operated or leased by DOW or under the control of DOW, or to any work

Keith Vaughan, Angleton, for appellant.

Randy E. Moore, Wommack, Denman & Moore, Lake Jackson, for appellee.

performed by CONTRACTOR for DOW under any contract or purchase order....

.    .    .    .    .

1.   CONTRACTOR shall be an independent contractor under this agreement and shall assume all of the rights, obligations and liabilities applicable to it as such independent contractor hereunder and any provisions in this contract which may appear to give DOW the right to direct CONTRACTOR as to the details of doing the work herein covered or to exercise a measure of control over the work shall be deemed to mean that CONTRACTOR shall follow the desires of DOW in the results of the work only.

## II.  DISCUSSION

In one point of error, Appellant argues that the trial court erred in granting Appellee's motion for summary judgment because Appellee failed to meet its burden for summary judgment.

Appellant specifically claims that he showed: (1) DOW maintained the premises of where the food was located which was the location where Appellant worked; (2) DOW was responsible for providing the equipment for Appellant to use in filling food orders; (3) DOW furnished the milk type crate which was a dangerous instrument to use in the freezer and caused Appellant's injury; (4) DOW controlled where the meat was stored and the means used to remove the meat; (5) DOW was responsible for safety on the premises; and (6) DOW was aware of the dangerous condition or use of dangerous equipment on the premises. Based on this, Appellant contends that a general issue of material fact was present regarding duty; therefore, summary judgment was not proper.  All of the foregoing assertions were present solely in Appellant's own affidavit. Each of these assertions were objected to as not constituting competent summary judgment evidence because they are legal conclusions, failed to establish how the affiant had, or could have had, personal knowledge of

such "facts," were self-serving, and hearsay. Additionally, contradicting affidavits concerning the issue of "control" were provided by Appellee in connection with its Motion for Summary Judgment.[1]

## A.  STANDARD OF REVIEW

The standard of review on appeal is whether the successful movant for summary judgment at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law.  *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985); *Hernandez v. Kasco Ventures, Inc.,* 832 S.W.2d 629, 631 (Tex.App.—El Paso 1992, no writ). In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor.  *Nixon,* 690 S.W.2d at 548–49; *Stoker v. Furr's, Inc.,* 813 S.W.2d 719, 721 (Tex. App.—El Paso 1991, writ denied).  Where the defendant is the movant and submits summary judgment evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted.  *Perez,* 819 S.W.2d at 471; *Bradley v. Quality Service Tank Lines,* 659 S.W.2d 33, 34 (Tex.1983); *Hernandez,* 832 S.W.2d at 633.  Where the summary judgment order does not state the specific grounds on which it was granted, the non-movant on appeal must show that each ground alleged in the motion is insufficient to support the granting of the summary judgment.  *Carlisle v. Philip Morris, Inc.,* 805 S.W.2d 498, 518 (Tex.App.—Austin 1991, writ denied); *City of Coppell v. General Homes Corp.,* 763 S.W.2d 448, 451 (Tex.App.—Dallas 1988, writ denied); *Southerland v. Northeast Datsun, Inc.,* 659 S.W.2d 889, 891 (Tex. App.—El Paso 1983, no writ).

1.  Appellee provided the affidavits of Jerry Plocinski, Claude M. Simmons, Penni Swartzwelder, and Billy Sheridan.  All of the Affiants were employees of ARA at the time their affidavits were taken and all swear that Appellant was under the sole direction, control, and supervision of ARA.

## B.  INDEPENDENT CONTRACTOR

■ Appellant brings this action against Appellee on the basis of premises liability.[2] As with any cause of action based on negligence, the threshold question is the existence and violation of a duty. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987).

■ The general rule in Texas is that an employer does not have a duty to see that an independent contractor performs his or her work in a safe manner. *Abalos v. Oil Dev. Co.,* 544 S.W.2d 627, 631 (Tex.1976); *Tirres v. El Paso Sand Prods., Inc.,* 808 S.W.2d 672, 675 (Tex.App.—El Paso 1991, writ denied). Since the owner or occupier of a premises is not an insurer, the Appellant must prove that a duty exists. *Abalos,* 544 S.W.2d at 631.

■ Appellant was the employee of an independent contractor working on Appellee's premises at the time of his injury. The duty owed by Appellee to Appellant, therefore, is that of an occupier of land to a business invitee. *Shell Chem. Co. v. Lamb,* 493 S.W.2d 742, 747 (Tex.1973). The occupier only owes a duty to warn the subcontractor and its employees of a hidden danger that exists when the subcontractor enters the premises or arises from activity other than that of the subcontractor. *Id.* In the case *sub judice,* Appellant's injury arose out of an activity conducted in the course and scope of his employment with ARA Services, not from a hidden danger existing on the premises. The activity that allegedly caused Appellant harm was the very sort of activity a food service provider would be expected to perform, i.e., working with food in the freezer. The method that Appellant chose to reach the higher shelves in the freezer was not under the direct or indirect control of Appellee; and arose out of the work activity of Appellant or his employer. *See Id.* The dangerous condition was peculiar to the activities for which Appellant was employed. ARA Services was in a superior position to prevent the existence of, to inspect for, and to eliminate or warn its employees of this dangerous condition. *See Id.* at 748.

■ A second situation in which a duty to keep the premises safe may subject Appellee to direct liability for negligence involves an injury caused by an activity or instrumentality on the premises. *Redinger v. Living, Inc.,* 689 S.W.2d 415, 417 (Tex.1985). The general rule that an employer does not have a duty to see that an independent contractor performs work in a safe manner is subject to this exception when the employer retains control of any part of the work assigned to the independent contractor; the employer is subject to liability for physical harm to others caused by the failure of the employer to exercise that control with reasonable care.[3] *Id.* at 418; *Tirres,* 808 S.W.2d at 675. For this exception to apply, the employer must retain some control over the manner in which the independent contractor performs the work; the right to control retained by the employer "must be more than a general right to order the work to start or stop, to inspect progress or receive reports." *Redinger,* 689 S.W.2d at 418; *Tirres,* 808 S.W.2d at 675.

■ The record in the instant case shows that Appellant's work activities were at all times subject to the control and supervision of ARA Services, and not Appellee. Appellee neither retained nor exercised any right to direct ARA or its employees as to the details of their work. The affidavits of ARA employees Plocinski, Swartzwelder, and Sheridan were competent summary judgment evidence which established that while performing duties for ARA on Appellee's premises, both Appellant and his work activities were at all times subject to the sole direction, control, and supervision of ARA and its employees. We find that Appellee neither instructed Appellant to utilize the milk crate in the performance of his duties

---

**2.**  The trial court in the case *sub judice,* granted Appellee's motion for summary judgment on the basis that there was no genuine issue of material fact.

**3.**  This exception is adopted from the RESTATEMENT (SECOND) OF TORTS, § 414 (1965).  Section 414 provides:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

for ARA, nor retained any right to instruct him to utilize the crate in the performance of his duties.

We hold that the present case does not fit any exception which would subject Appellee to direct liability. The trial court did not err in granting Appellee's motion for summary judgment.

The judgment of the trial court is affirmed.