Charles Raymond DAVIS, Appellant,

v.

R. SANDERS & ASSOCIATES CUSTOM BUILDERS, INC. D/B/A Huntington Homes, Rodger Sanders, and John Mathis, Appellees.

No. 06–94–00057–CV.

Court of Appeals of Texas, Texarkana.

Submitted Dec. 7, 1994.

Decided Jan. 18, 1995.

780

Henry Stollenwerck, Dallas, for appellant.

Thomas W. Craddock, McGuire Craddock Strother & Lutes, Dallas, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Charles Raymond Davis appeals from a take-nothing summary judgment in his suit for personal injury damages against R. Sanders & Associates Custom Builders, Inc. and Rodger Sanders, individually. Because we find that the summary judgment proof conclusively negated any duty on the part of Sanders & Associates, the general contractor, to Davis, an employee of a subcontractor, we affirm the summary judgment.

R. Sanders & Associates, doing business as Huntington Homes, contracted with John Mathis for Mathis to act as framing contractor on a home building job in Plano. Mathis in turn subcontracted with Louis Davis and Walter Davis to do the framing. The Davises then hired Bernard Kirk and appellant Charles Davis as laborers.

Charles Davis and Kirk were stacking four-by-eight sheets of plywood on a hand-built scaffold about five feet high. After they stacked several sheets, Kirk tried to put another sheet on the scaffold while Davis held it in place. The sheets fell and struck Davis, injuring him severely.

Charles Davis sued Mathis, R. Sanders & Associates, and Sanders, individually. Sanders is president and a stockholder of R. Sanders & Associates. Sanders & Associates and Sanders, individually, answered the suit and filed special exceptions. The court sustained the exceptions and ordered Davis to replead. Davis then filed his first amended original petition alleging negligence, but he did not mention Mathis in the pleading. Both Sanders & Associates and Sanders then filed separate motions for summary judgment. Both alleged that they owed no legal duty to Davis. Sanders also alleged that he acted only as president of Sanders & Associates and could not be held personally liable. After a hearing, the trial court granted summary judgment in favor of Sanders, individually, and Sanders & Associates. Mathis was nonsuited.

Davis contends that the trial court erred in granting summary judgment because Sanders and Sanders & Associates owed him a duty of care and there was a fact question whether their negligence was a proximate cause of his injury. Although Davis in his point of error mentions proximate cause, on appeal he argues only the duty of care, so that is the only issue involved in the appeal.

A movant is entitled to summary judgment when it shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). A defendant moving for summary judgment must present summary judgment proof conclusively negating at least one essential element of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). In deciding whether a material fact issue precludes summary judgment, the court takes as true all summary judgment evidence favoring the nonmovant and resolves all doubts and reasonable inferences in the nonmovant's favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex. 1985).

An occupier of land has the duty to use reasonable care to keep the premises under his control in safe condition. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985). A general contractor on a construction site, who is in control of the premises, is charged with the same duty as an occupier. *Id.* The general contractor may be subject to direct liability for negligence arising from either a premises defect or some activity at the site. Ordinarily, however, a general contractor does not have a duty to see that an independent contractor performs work safely. It is only when the general contractor retains some right of control over the man-

ner of a subcontractor's work that it may be liable if it fails to exercise reasonable care in supervising the subcontractor's activity. RESTATEMENT (SECOND) OF TORTS § 415 (1965). In order to be liable, the general contractor must retain at least some control over the way the work is done. It is not enough that the general contractor may dictate the results of the work or has a general right to order the work stopped or resumed, to inspect its progress and receive reports, to make suggestions that need not necessarily be followed, or to prescribe alterations and deviations. The general contractor must retain enough right of supervision over the manner of the work that the subcontractor is not entirely free to do the work in his own way. RESTATEMENT (SECOND) OF TORTS § 414 cmt. c (1965). The basis for the rule is that the subcontractor is in a better position to find and eliminate or to warn its employees about safety hazards. *Shell Chemical Co. v. Lamb*, 493 S.W.2d 742, 748 (Tex.1973). More than a slight degree of control is required. *Exxon Corp. v. Quinn*, 726 S.W.2d 17, 19–20 (Tex.1987); *Wilson v. Goodyear Tire & Rubber Co.*, 753 S.W.2d 442, 446–47 (Tex.App.—Texarkana 1988, writ denied).

■ In this case, Sanders & Associates was the general contractor and occupier. Mathis was a subcontractor, and Louis Davis and Walter Davis were acting as sub-subcontractors. Charles Davis was an employee of the sub-subcontractors. In order for a duty of care to extend from Sanders & Associates to Charles Davis, Sanders & Associates must have had such control over the manner of work that the Davis crew was not free to complete the job in its own way. RESTATEMENT (SECOND) OF TORTS § 414 cmt. c (1965).

■ The summary judgment evidence shows that Sanders & Associates contracted with Mathis, and Mathis contracted with the Davis crew. Charles Davis took his orders from either Walter Davis or Louis Davis, and they took their orders primarily from Mathis. The Davis crew acknowledged that it had some contact with the foreman for Sanders & Associates, Wade Wingfield, but Wingfield did not control the day-to-day operations and did not exercise control over the details of the work. He did not take an active role in maintaining site safety. Wingfield said that he would have commented on any unsafe condition that manifested itself if he happened to see it, but that he relied on the subcontractors to police the site. No Sanders & Associates employee was present when Charles Davis was injured, and none of its employees directed the building or the use of the scaffold involved in the accident. Thus, the summary judgment proof shows that Sanders & Associates did not retain or exercise a right of control over the details of the work performed by the sub-subcontractor.

■ Charles Davis argues that there is a fact issue on duty because the contract between Sanders & Associates and Mathis requires that Mathis perform all the work "in accordance with applicable Federal and State safety regulations," and federal Occupational Safety & Health Administration regulations provide that the general contractor has the primary responsibility for safety on the job. He further argues that the OSHA regulations have now become the general standard for safety in the industry. These arguments fail for several reasons. First, the contract calling for the work to be performed in accordance with all safety rules and regulations is between Sanders & Associates and Mathis, as the subcontractor. The Davis crew is not a party to that contract. Second, a requirement that work be performed in accordance with all applicable laws and safety regulations is, like a requirement that work be performed in a good and workmanlike manner, a requirement pertaining to the *results* of the work, not the *details* of performance. Third, by their express terms, OSHA regulations are not applicable to a private home-building enterprise like the job involved here. And while the specific safety rules of OSHA may in some respects have now become a standard of sorts in the industry, the regulation providing that the general contractor is responsible for supervising the safety practices of subcontractors has not become such a standard. If it had, it would conflict with the Texas standard explicitly adopted by our Supreme Court that a general contractor is not liable for the unsafe practices of a subcontractor unless it has retained a right of control over the details of the subcontractor's

work. *See Exxon Corp. v. Quinn*, 726 S.W.2d at 19; *Redinger v. Living, Inc.*, 689 S.W.2d at 418.

For the reasons stated, we find that the trial court properly rendered summary judgment. The judgment is affirmed.