**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 95-50310**
**Summary Calendar**

---

**ARTURO GARDEA,**

**Plaintiff-Appellant,**

**VERSUS**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

---

Appeal from the United States District Court
For the Western District of Texas

(EP-93-CV-320)

---

November 6, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

<u>BACKGROUND</u>

Appellant Arturo Gardea, an employee of Rudy G. Construction Company, was injured while working on a project at the federal prison camp (FPC) in El Paso, Texas. As part of an extensive remodeling plan, the FPC, through the Bureau of Prisons, hired Rudy

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

G. Construction to install roofs on barracks that had been provided to the camp by the United States Army. While in the course and scope of his employment, Gardea slipped from the roof of a building and fell two stories to the ground.

Gardea filed a claim with the Federal Bureau of Prisons for damages arising out of his fall, and the Bureau denied the claim. Gardea then filed suit against the United States pursuant to the Federal Tort Claims Act (FTCA). He alleged that the FPC officials failed to ensure that he had a safe work environment, that proper safety equipment was available, and that his employer used proper safety equipment.

The United States filed a motion to dismiss or, in the alternative, for summary judgment. The Government argued that, under the FTCA, it had no duty as the owner of the property under either federal or Texas law to ensure Gardea's safety. The Government argued that it could assume that Rudy G. Construction would exercise reasonable prudence in the performance of its work. The Government also argued that it did not exercise any direct or indirect control over the tasks performed by Rudy G. Construction, other than to ensure that the technical requirements of the contract were being met.

In his opposition, Gardea argued that the FTCA's independent contractor exception did not apply and that, under Texas law, the Government owed him a duty to keep the construction site in a safe condition. Gardea argued that the Government retained some control over the construction project and, as a result, that it was liable

2

for Gardea's injuries.  Alternatively, Gardea argued that there was a genuine issue of material fact regarding the amount of control exercised by the Government over Rudy G. Construction which would give rise to the duty.

The Government submitted a letter brief in reply to emphasize that, because of its lack of control over Rudy G. Construction, it was not liable to Gardea under the FTCA and did not owe any duty to Gardea under state law.  Gardea responded to the Government's letter brief, urging the court to deny the motion because there are genuine issues of material fact as to the extent of control that the Government exercised over the construction site and Rudy G. Construction.

The district court granted summary judgment in favor of the Government.  The court determined that the Government did not exercise a sufficient degree of control over Rudy G. Construction to establish an agency relationship and therefore to impute liability under either federal or state law.

Gardea timely appealed.

<u>OPINION</u>

This Court reviews a grant of summary judgment de novo. **Abbott v. Equity Group**, 2 F.3d 613, 618 (5th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 1219 (1994).  A grant of summary judgment is appropriate if there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The United States as a sovereign is immune from suit except as it has consented to suit. **Williamson v. United States Dep't of Agric.**, 815 F.2d 368, 373 (5th Cir. 1987). The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., is a limited waiver of sovereign immunity making the United States Government liable to the same extent as private parties for certain torts of federal employees acting within the scope of their employment. **United States v. Orleans**, 425 U.S. 807, 813 (1976); 28 U.S.C. § 1346(b). The United States' statutory consent to suit does not extend to the acts of independent contractors, but only to the acts or omissions of federal employees. **Orleans**, 425 U.S. at 813-14; **Logue v. United States**, 412 U.S. 521, 526 (1973); **Broussard v. United States**, 989 F.2d 171, 174 (5th Cir. 1993).

The Government may be liable, however, for the breach of a duty owed to the employees of an independent contractor. **Lathers v. Penguin Indus., Inc.**, 687 F.2d 69, 72 (5th Cir. 1982). Although state law governs this inquiry, the focus of the inquiry is the same under either federal or Texas state law: the degree of control exercised by the Government over the contractor. **Id**.; see **Broussard**, 989 F.2d at 174; **Redinger**, 689 S.W.2d at 418.

Ordinarily, "an owner or occupier does not have a duty to see that an independent contractor performs work in a safe manner." **Redinger**, 689 S.W.2d at 418. However, when an owner or general contractor "exercises some control over a subcontractor's work he may be liable unless he exercises reasonable care in supervising the subcontractor's activity." **Id**. The control must be more than

4

the general right to order the work to start or stop, to inspect the progress of the work or receive reports, to make suggestions or recommendations, or to prescribe alterations and deviations.  **Id**.; see also **Davis v. R. Sanders & Assocs. Custom Builders Inc.**, 891 S.W.2d 779, 782 (Tex. Ct. App. 1995).  "The general contractor must retain enough right of supervision over the manner of the work that the subcontractor is not entirely free to do the work in his own way."  **Davis**, 891 S.W.2d at 782.

There is no dispute that the Bureau of Prisons contracted with Rudy G. Construction to install metal roofs on three barracks at the FPC, that Gardea was an employee of Rudy G. Construction, and that Gardea was acting within the course and scope of his employment when he fell.  Under the contract, Rudy G. Construction provided the materials, supplies, labor, tools, and equipment.  It also provided safety equipment such as safety belts; its employees were responsible for their own hard hats and safety goggles.  Rudy G. Construction, not the Government, hired, supervised, and paid Gardea.  The Government did not train Gardea.  Rudy Gonzalez, owner of Rudy G. Construction, testified that he considered it his responsibility to provide the safety equipment to Gardea and to ensure that he used it.  Accordingly, the Government has satisfied its initial burden of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986).

5

The burden now shifts to Gardea who must identify specific evidence in the record demonstrating that there is a material fact issue for trial. **Anderson v. Liberty Lobby**, 477 U.S. 242, 250 (1986). He may not rest upon mere allegations or denials in the pleadings, but must designate specific facts showing the existence of a genuine issue for trial. **Id**. at 256-57. The mere allegation of a factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. **Id**. at 248-50, 256-57.

Gardea relies upon **Redinger** and **Pollard v. Missouri Pac. R.R. Co.**, 759 S.W.2d 670 (Tex. 1988), to argue that the Government exercised such control over the work site so as to owe a duty of care to Gardea. Gardea cites the Government's control over the access to the construction site, its right of inspection at the completion of the contract, and the "daily vigil" of the project by the project manager, James Spindler.

Neither **Redinger** nor **Pollard** are applicable. In **Redinger**, the general contractor ordered the dirt-hauling subcontractor to move the dirt so that the concrete trucks could enter the work site. **Redinger**, 689 S.W.2d at 417. Redinger, an employee of the plumbing subcontractor, was working within a few feet of the backhoe charged with moving the dirt. Redinger was injured when the blade of the backhoe crushed his finger. The court concluded that there was sufficient evidence to find that the general contractor was negligent in allowing the backhoe to operate while Redinger was working in the area and in failing to warn Redinger. In **Pollard**,

6

the Texas Supreme Court held that the contractual right of control gives rise to the duty expressed in **Redinger**.  **Pollard**, 759 S.W.2d at 671.  Missouri Pacific retained (1) control over the completion time of the project, (2) authority to specify which poles were to be removed, (3) authority to specify insurance coverage, and (4) control over access and storage of materials involving its right-of-way.

Gardea offers no evidence that the Government contractually retained the right of control as to, or otherwise directed, the manner in which Rudy G. Construction or Gardea renovated the roof. Rudy G. Construction and its employees were free to devise their own plan, according to their own equipment.  Gardea's injury arose out of the nature of the work rather than as a result of some danger present on the premises.  See **Staublein v. Dow Chemical Co.**, 885 S.W.2d 502, 505 (Tex. Ct. App. 1994).  In **Staublein**, ARA Services, Inc. contracted with Dow Chemical to provide cafeteria service to Dow's employees.  **Id**. at 503.  Staublein, an employee of ARA, was injured when a milk crate he was standing on in the freezer slipped out from under him.  **Id**.  Finding that Dow owed no duty to Staublein, the court explained that his

> injury arose out of an activity conducted in the course and scope of his employment with ARA Services, not from a hidden danger existing on the premises.  The activity that allegedly caused [him] harm was the very sort of activity a food service provider would be expected to perform, i.e., working with food in the freezer.  The method that [Staublein] chose to reach the higher shelves in the freezer was not under the direct or indirect control of [Dow Chemical]; and arose out of the work activity of [Staublein] or his employer.

7

**Id**. at 505; see also **Shell Chem. Co. v. Lamb**, 493 S.W.2d 742, 747 (Tex. 1973).  Much like Staublein, Gardea's injury arose out of his work as a roofer.  The Government did not control the day-to-day work on the roof or instruct Gardea about his job.

Gardea notes that the contracting officer testified that both she and Spindler had the right to stop subcontractors who were in violation of federal safety laws.  Such authority does not suggest control over the details of the work:  "a requirement that work be performed in accordance with all applicable laws and safety regulations is, like a requirement that work be performed in a good and workmanlike manner, a requirement pertaining to the <u>results</u> of the work, not the <u>details</u> of performance."  **Davis**, 891 S.W.2d at 782.

Gardea has not identified specific evidence in the record demonstrating that there is a material fact issue for trial as to the extent of the Government's control over Rudy G. Construction. Because the Government did not exercise control over the operative details of the construction project, there was no duty under Texas law to maintain a safe work environment for Gardea.  Accordingly, the judgment of the district court is

AFFIRMED.