TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00223-CV







Chad Davis, Appellant



v.




Fairfield Development, Inc.; Jollyville Associates; Fairfield Jollyville Limited

Partnership; Palomar Properties d/b/a Fairfield Properties; and

CWS Jollyville Associates, Ltd., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 97-12134, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING







 Appellant Chad Davis appeals the district court's summary judgment in favor of
appellees Fairfield Development, Inc. ("Fairfield"), Jollyville Associates, Fairfield Jollyville Limited
Partnership, Palomar Properties doing business as Fairfield Properties, and CWS Jollyville
Associates, Ltd. Davis complains on appeal that although Fairfield was a general contractor, because
Fairfield retained the right of control over the work of Albritton Masonry ("Albritton"), a
subcontractor, Fairfield can be held liable for Albritton's negligence that resulted in an injury to
Davis, an Albritton employee. We will affirm the district court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 Jollyville Associates hired Fairfield in February 1995 to serve as the general
contractor on a construction project to build an apartment complex in Austin. In July 1995 Fairfield
subcontracted with Albritton to perform masonry and stucco work. The contract between Fairfield
and Albritton established a safety program to prevent injuries on the job site, with Fairfield retaining
"full responsibility and authority on the job site for enforcement" of the program. In addition to
requiring that Albritton comply with all federal safety regulations, the contract set out additional
safety restrictions regarding how and where scaffolding could be built. (1)

 Albritton hired Davis to perform stucco work on the project. While on the job, Davis
was disassembling a metal-frame scaffold that supported wooden platforms where laborers worked. 
He had climbed to the fourth level of the scaffold and was preparing to hand down the wooden
platform above him when the platform he was standing on collapsed, causing him to fall thirty to
forty feet and severely injure his leg.

 Davis brought this suit for personal injuries arising from the scaffold accident. (2) 
Appellees filed a motion for summary judgment, arguing that they did not have a duty to Davis to
ensure that Albritton performed its work safely. The district court granted the motion, and Davis
appeals by two issues. (3) 

DISCUSSION

 By his first issue, Davis argues that summary judgment in favor of Fairfield was
improper. Davis contends that the contract between Fairfield and Albritton gave Fairfield sufficient
control over Albritton to create a duty in Fairfield to ensure that Albritton performed its work in a
safe manner. (4) In reviewing a motion for summary judgment the movant has the burden of showing
that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. 
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant is entitled to
summary judgment on the plaintiff's cause of action if the evidence disproves as a matter of law at
least one element of the plaintiff's claim. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.
1991). When interpreting a contract, if the language of the contract is not ambiguous and can be
given a definite legal meaning, then it should be construed as a matter of law. National Union Fire
Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995). An ambiguity does not arise simply
because the parties advance different interpretations of the contract's language. Weslaco Fed'n of
Teachers v. Texas Educ. Agency, 27 S.W.3d 258, 264 (Tex. App.--Austin 2000, no pet.). 

 Fairfield moved for summary judgment on the basis that it owed no duty to Davis to
ensure that Albritton performed its work in a safe manner. (5) A general contractor usually does not
have a duty to its subcontractor's employees to ensure that the subcontractor performs all work
safely. Elliott-Williams Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999) (citing Hoechst-Celanese Corp.
v. Mendez, 967 S.W.2d 354, 356 (Tex. 1998)). However, when the general contractor retains control
over the manner in which the subcontractor's work is performed, a duty may arise. Redinger v.
Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985). Control sufficient to create a duty may be imposed
upon a general contractor by contract. Elliott-Williams, 9 S.W.3d at 804 (Tex. 1999). If the contract
so provides, the general contractor cannot be relieved from liability by arguing that it exercised no
actual control. Pollard v. Missouri Pac. R.R. Co., 759 S.W.2d 670, 670 (Tex. 1988). It is the right
of control, and not the actual exercise of control, which gives rise to a duty to see that a subcontractor
performs work in a safe manner. Elliott-Williams, 9 S.W.3d at 804. But, for the general contractor
to be liable for its subcontractor's acts, the general contractor must have "the right to control the
means, methods, or details of the subcontractor's work." Id. at 804. The degree of control must be
such "that the contractor is not entirely free to do the work in his own way." Id. at 804 (quoting
Restatement (Second) of Torts § 414 cmt. c (1965)). Davis argues that the specific language in the
contract between Fairfield and Albritton creates such a duty. (6)

 Davis directs this Court to a portion of the contract titled "Standard Accident
Prevention Program for Subcontractors," which outlines Fairfield's safety requirements for
subcontractors on the job site. The contract states that "full responsibility and authority on the job
site for enforcement of this Standard Accident Prevention Program belongs to the Fairfield
Development, Inc., Superintendent." Davis argues that by this provision Fairfield retained complete
control over the safety of the scaffolding.

 Although the contract between these parties places some responsibility on Fairfield,
the language in the contract and the facts involved in this case are similar to those of Hoechst-Celanese. See Hoechst-Celanese, 967 S.W.2d at 354-55. In each case, the general contractor
required its subcontractor to observe federal safety regulations as well as additional regulations
promulgated by the general contractor. See Id. at 355. Furthermore, both contracts allowed the
general contractor to inspect the subcontractor's facilities and operations at any time to ensure
compliance with safety regulations. See Id. at 356. In Hoechst-Celanese, the supreme court held
that the general contractor's insistence that the subcontractor observe and promote compliance with
federal laws, general safety guidelines, and other safety precautions did not impose an unqualified
duty of care on the general contractor to ensure that the subcontractor's employees did nothing
unsafe. See Id. at 357-58; see also Koch Ref. Co. v. Chapa, 11 S.W.3d 153,156 (Tex. 1999). We
see no significant difference between the language of the contract in Hoechst-Celanese and the
contract now before this Court. We hold the contract did no more than subject Albritton to general
safety requirements promulgated by Fairfield. It did not give Fairfield the right to specifically
control how Albritton performed its obligations under the contract, and therefore did not impose a
duty upon Fairfield to ensure that Albritton performed its work in a safe manner. Because duty is
an essential element of negligence, the district court was proper in granting summary judgment in
favor of Fairfield. See Kehler v. Eudaly, 933 S.W.2d 321, 325 (Tex. App.--Fort Worth 1996, writ
denied).

 By his second issue, Davis requests that the Court address whether a general
contractor can ever retain enough control over its subcontractors to defeat an independent-contractor
defense. By asking the Court to render a judgment that would not constitute specific relief to a
litigant, Davis is requesting an advisory opinion. The separation-of-powers doctrine prohibits the
courts from rendering advisory opinions. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d
440, 444 (Tex. 1993) (citing Tex. Const. art. II, § 1). Therefore, we will not address Davis's second
issue.


CONCLUSION

 We affirm the judgment of the district court.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: June 14, 2001

Do Not Publish

1. Davis also points out in his brief that the contract established other restrictions. The contract
authorized Fairfield to schedule the start date, alter Albritton's schedule if necessary, restrict the kind
of clothing Albritton employees wore, and discharge Albritton employees for rule violations.
However, these provisions are not relevant to the issue before this Court because to be liable, the
general contractor's control must relate to the injury that results from the negligence. Elliot-Williams
Co. v. Diaz, 9 S.W.3d 801, 804 (Tex. 1999).
2. In addition to appellees, Davis sued CWS Partners 94, L.P. and Clayton, Williams &
Sherwood Financial Group 94, Inc., but non-suited his action against them in the district court. They
are not parties to this appeal.
3. Davis's notice of appeal is a general notice that by implication includes as appellees Fairfield,
Jollyville Associates, Fairfield Jollyville Limited Partnership, Palomar Properties Inc., and CWS
Jollyville Associates, Ltd. Davis has waived his claims against all parties other than Fairfield by not
arguing them in his brief, instead presenting to this Court only his claim against Fairfield. See Tex.
R. App. P. 38.1(h); cf. Sipriano v. Great Spring Waters of Am., Inc., 1 S.W.3d 75,76 (Tex. 1999). 
Therefore we affirm the district court's judgment as to the non-Fairfield appellees.
4. Davis also argues that the contract between Jollyville Associates and Fairfield, which required
Fairfield to "take all necessary precautions for the safety of employees," makes Fairfield liable for
Davis's injuries. However, because Albritton is not a party to this contract, the contract has no
bearing on Fairfield's liability to Davis. See Davis v. R. Sanders & Assocs. Custom Builders, Inc.,
891 S.W.2d 779, 782 (Tex. App.--Texarkana 1995, no writ).
5. Fairfield also filed a "no-evidence" motion for summary judgment. See Tex. R. Civ. P.
166a(i). The district court's summary judgment order does not specify on which grounds it was
granted. When a trial court grants summary judgment without stating the grounds, the summary
judgment will be affirmed on any meritorious theory set out in the motion. Maginn v. Norwest
Mortgage, Inc., 919 S.W.2d 164, 166 (Tex. App.--Austin 1996, no writ). Therefore, because we
hold that Fairfield is entitled to summary judgment on its traditional motion, we will not address its
no-evidence motion.
6. Davis, for the first time on appeal, also seeks to impose vicarious liability upon Fairfield,
arguing that Fairfield's right of control over Albritton was extensive enough to make Fairfield liable
for Albritton's negligence under an agency theory. However, Davis did not raise this issue in the
district court, and therefore it cannot be raised for the first time on appeal. See Tex. R. Civ. P.
166a(c); see also Fun Time Ctrs., Inc. v. Continental Nat'l Bank, 517 S.W.2d 877, 882-83 (Tex. Civ.
App.--Tyler 1974, writ ref'd n.r.e.).


his Court. We hold the contract did no more than subject Albritton to general
safety requirements promulgated by Fairfield. It did not give Fairfield the right to specifically
control how Albritton performed its obligations under the contract, and therefore did not impose a
duty upon Fairfield to ensure that Albritton performed its work in a safe manner. Because duty is
an essential element of negligence, the district court was proper in granting summary judgment in
favor of Fairfield. See Kehler v. Eudaly, 933 S.W.2d 321, 325 (Tex. App.--Fort Worth 1996, writ
denied).

 By his second issue, Davis requests that the Court address whether a general
contractor can ever retain enough control over its subcontractors to defeat an independent-contractor
defense. By asking the Court to render a judgment that would not constitute speci